IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| THOMAS CONWAY JONES, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| VS. | : | NO. 1:08-CV-7 (WLS) |
| | : | |
| DERRICK SCHOFIELD, Warden THOMAS AMMONS, Deputy Warden KEITH JONES, LESLIE LUNNEY, and ELAINE B. HUTTO, | : | |
| Defendants. | : | |

## RECOMMENDATION

This is a § 1983 action brought by a State of Georgia inmate who is currently housed at Johnson State Prison in Wrightsville, Georgia. However, the circumstances giving rise to the filing of this matter occurred when he was an inmate at Autry State Prison near Pelham, Georgia. With the exception of Defendant Derrick Schofield, Director of Facility Operations for the Georgia Department of Corrections, all Defendants are or were employed at Autry State Prison on April 25, 2007, when the circumstances leading to the filing of this lawsuit occurred.

Plaintiff, states that he was in a Level 3 Mental Health Supportive Living Unit on April 25, 2007. Upon leaving the shower and returning to his room he was attacked by three other inmates. While one inmate held a weapon to his throat, the other two took turns raping him. He was not able to report the incident until the next day whereupon he gave a written statement and was taken to the hospital in Camilla, Georgia where a rape kit examination was performed. Upon his return to the prison a blood sample was taken by the medical department to check for sexually transmitted diseases and he was placed in Administrative Segregation. (Doc. 2, p. 4)

Somewhat remarkably this is not a failure to protect case as, "[t]he Plaintiff will be the

first to admit that the Defendants could not have stopped me being raped." (Doc. 17, p.2). Rather, Plaintiff brings this action because he is dissatisfied with the post incident investigation and the alleged denial of mental health and medical treatment needed because of the rape.

Defendants have filed a pre-answer motion to dismiss arguing Plaintiff's failure to state a claim upon which relief may be granted (Federal Rule of Civil Procedure 12(b)(6)).

***The Prison Rape Elimination Act, 42 U.S.C. § 15601 et seq.***

In his complaint, Plaintiff seeks enforcement of the above named legislation. However, "[i]n order to seek redress through § 1983, [] a plaintiff must assert the violation of a federal right not merely a violation of federal law." Blessing v. Freestone, 520 U.S. 329, 340, 117 S.Ct. 1353 (1997).

> We now reject the notion that our cases permit anything short of an unambiguously conferred right to support a cause of action brought under § 1983. Section 1983 provides a remedy only for the deprivation of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. Accordingly it is *rights*, not the broader or vaguer "benefits" or "interests,' that may be enforced under the authority of that section.

Gonzaga University v. Doe, 536 U.S. 273, 290-91, 122 S.Ct. 2268 (2002). "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual right, there is no basis for a private suit, whether under § 1983 or under an implied right of action." Id. at 286.

A reading of the Prison Rape Elimination Act makes clear that its goal is to lessen the occurrence of rapes in prisons across this Country. Its focus concentrates on statistics, standards, developing information, and regulating federal funding in an effort to lessen prison rapes. Nowhere in the language of the Act can it be interpreted to create a private *right* which may be

enforced in a § 1983 action. Plaintiff's reliance on the Prison Rape Elimination Act is misplaced as no individual right of action is created. It is therefore the RECOMMENDATION of the undersigned that the Defendants' Motion to Dismiss be GRANTED with regard to the Prison Rape Elimination Act. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

*Does Plaintiff have an Eighth Amendment Right as to how the investigation of his rape is addressed ?*

In addition to the Prison Rape Elimination Act theory Plaintiff also maintains that his Constitutional rights were violated by certain of the Defendants failure to follow Georgia Department of Corrections Standard Operating Procedures insofar as the manner in which the investigation of his rape has been conducted. Essentially Plaintiff alleges that nothing has been done.

As correctly pointed out by Defendants, § 1983 confers no substantive rights. Rather it provides "a method of vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989). In order to state a violation of § 1983 it must be shown that (1) conduct committed by a person acting under color of state law, (2) deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Parrat v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908 (1981)(overruled on other grounds).

Plaintiff has evidently grieved his dissatisfaction with the manner in which the rape investigation has or has not been conducted. He seems to raise the fact that he has had no satisfaction from the grievance procedure which he equates with a violations of Georgia Department of Corrections Standard Operating Procedures and therefore a violation of his

3

Constitutional rights enforceable under § 1983. Failure to follow a state-created grievance procedure does not rise to the level of a constitutional violation to be redressed in a § 1983 action. Thomas v. Warner, 237 Fed. Appx. 435, 437-38 (11th Cir. 2007). "A prisoner does not have a constitutionally protected liberty interest in an inmate grievance procedure." Id.

The Plaintiff does not have a right conferred by the Constitution or laws of the United States to have those who attacked him investigated or prosecuted. "The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order." Bowers v. DeVito, 686 F.2d 616, 618 (7th Cir. 1982). Private citizens such as Plaintiff lack a judicially cognizable interest in the prosecution or nonprosecution of another. Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146 (1973). Even if prison regulations or Standard Operating Procedures exist dealing with criminal prosecution of inmates in situations such as this, no protectable liberty interest is created for a vitcimized inmate such as Plaintiff. Gangloff v. Poccia, 888 F.Supp 1549, 1559 (M.D. Fl. 1995).

Prison regulations and Standard Operating Procedures do not confer federal rights to prisoners that may be enforced or redressed in a § 1983 action. "In a § 1983 action, a federal court considers whether a constitutional right has been infringed, not whether bureaucratic procedures have been violated." Rineholtz. V. Campbell 64 F. Supp. 2d 721, 731 (W.D. Tn. 1999). Finally, in quoting a well-learned colleague, U. S. Magistrate Judge W. Leon Barfield writing in Brown v. Richmond County Corr. Inst., 2006 U.S. Dist. LEXIS 35624, and adopted by United States District Judge Bowen in 2006 U.S. LEXIS 35630, "[p]rison regulations . . . were never intended to confer rights on inmates or serve as a basis for constitutional claims. Instead,

[state prison] regulations, as well as the Unified Code [of Corrections], were designed to provide quidance to prison officials in the administration of prisons."

Insofar as Plaintiff's complaints surrounding the investigation of his rape is concerned he has not alleged or raised a violation of a right, privilege or immunity conferred by the United States Constitution or law of the United States. It logically follows that the undersigned RECOMMENDS that Defendants' Motion to Dismiss be GRANTED as to the investigation of Plaintiff's rape. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

## *Injunctive Relief*

Plaintiff seeks injunctive relief to require certain of the Defendants to investigate properly his rape in accordance with the Prison Rape Elimination Act and certain Georgia Department of Corrections Standard Operating Procedures. Further, he seeks to have Defendant Warden Ammons cease his threats to remove Plaintiff from Administrative Segregation and back into general population where he might once again be exposed to the three inmates who attacked and raped him. Inasmuch as the Prison Rape Elimination Act and/or prison officials' failure to adhere to or follow prison regulations or procedures confers no personal federal rights upon individuals such as Plaintiff, these claims for injunctive relief must fail. So to must his claim for relief from threats from Defendant Warden Ammons fail because he is no longer housed at Autry State Prison. A prisoner's claim for declaratory and injunctive relief is mooted by his transfer or release from the facility about which he complains. Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir.1986); McKinnon v. Talladega County, Alabama, 745 F.2d 1360 (11th Cir.1984). It is

5

RECOMMENDED that Defendants' Motion to Dismiss be GRANTED as to Plaintiff's claims for injunctive releif.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

*Plaintiff's Claims of Denial of Mental Health and Medical Treatment*

In his complaint Plaintiff states that at the time of his rape he was living in a Level 3 Mental Health Supportive Living Unit.  He also maintains generally that he has been denied the mental health care and treatment he needs created by the emotional and mental trauma he suffers from the rape episode.  He also alleges that as a result of the rape he suffers from Hepatitis C for which he is being denied needed medical treatment.  The need for mental health treatment and medical treatment for Hepatitis C, regardless of how it might have been contracted, can certainly rise to the level of serious medical conditions.

A 12(b)(6) motion tests the sufficiency of the complaint against the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure. To state a sufficient claim for relief under Rule 8(a)(2), only "a short and plain statement ... showing that the pleader is entitled to relief" is required. Fed.R.Civ.P. 8. A sufficient claim nevertheless "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly,  550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and footnote omitted).

In ruling on a motion to dismiss, however, courts should construe the pleadings "broadly,"

and view the allegations in the complaint "in the light most favorable to the [nonmovant]." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir.2007) (internal quotation marks omitted). If there is "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim, there is a "plausible" ground for recovery, and a motion to dismiss should be denied. Twombly, 127 S.Ct. at 1965. The claim can proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal quotation marks omitted).

Because Plaintiff is proceeding *pro se,* his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir.2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998)).  It has long been the law in this country that if a prison official's conduct or lack thereof rises to the level of deliberate indifference to a serious medical condition, an actional Eighth Amendment violation occurs. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976).

At this very early stage of the proceedings it can not be found that there is not enough fact to raise a reasonable expectation that discovery will reveal evidence to support the medical claim(s). Twombly, at 127 S.Ct. 1965.  Although the undersigned has serious doubts that plaintiff will be able to prove his claim upon a properly filed motion for summary judgment, it appears that plaintiff has now sufficiently alleged a constitutional violation against the treatment defendants for deliberate indifference under the Eighth Amendment to the Constitution.  (See Twombly, 127 S.Ct. at 1965. The claim can proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") It is therefore the RECOMMENDATION of the undersigned that the Defendants' Motion to Dismiss

be DENIED as to Plaintiff's claims of denial of needed mental health and medical treatment. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

In the event this recommendation is ultimately adopted in its entirety and made the order of this court Defendants Schofield and Ammons would be dismissed as parties to this action

IT IS SO RECOMMENDED, this 27th day of February 2009.

*/s/ Richard L. Hodge*
**RICHARD L. HODGE**
**UNITED STATES MAGISTRATE JUDGE**