IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| THOMAS CONWAY JONES, JR., | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No. |
| | : | **1:08-CV-7 (WLS)** |
| DERRICK SCHOFIELD, et. al, | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is plaintiff's motion for a temporary restraining order. (Doc. 28).

In his original complaint, Plaintiff claims that on April 25, 2007 he was raped by three other inmates at Autry State Prison. (Complt., Doc. 2, p. 4). His claims against officials and staff at Autry State Prison arise from what he asserts was insufficient care after this alleged rape. Specifically, Plaintiff claims that Defendants have been deliberately indifferent to his Eighth Amendment rights and violated rights he claims arise pursuant to the Prison Rape Elimination Act ("PREA"), 42 U.S.C. §15601, *et seq.*(*Id.* at p. 5-8).

Plaintiff, at the time he filed his motion for a temporary restraining order, was confined at Johnson State Prison[1]. In his motion, plaintiff requests that several officials at Johnson State Prison be required to comply with the P.R.E.A. and Georgia Department of Corrections Standard Operating Procedures. Plaintiff alleges that he has been sexually harassed while at Johnson State

---

[1] Plaintiff is currently incarcerated at Georgia State Prison in Reidsville, Georgia.

Prison, and that he is now in protective custody at the prison as a result.  None of the individuals that plaintiff has named in this motion for a TRO are parties to the lawsuit.  Although plaintiff states that he wants them added to this lawsuit, he does not state any allegations against them.

To the extent that plaintiff is using this motion to add additional parties from another prison to this lawsuit, it is the RECOMMENDATION of the undersigned that such be **DENIED**. Plaintiff has failed to state a claim against any of the proposed defendants.

In order to obtain injunctive relief, a plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest.  Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available.   Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

As noted above, plaintiff seeks injunctive relief against individuals who are not parties to this action.

The preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir.1983)  (quoting Canal Authority v. Callaway, 489 F.2d 567 (5th Cir.1974)).

Therefore, it is the RECOMMENDATION of the undersigned that plaintiff's motion for a

temporary restraining order be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 4th day of August, 2009.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE