IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA
2009 SEP 22  AM 11 01
B Littleton
DEPUTY CLERK

THOMAS CONWAY JONES, JR.,

    Plaintiff,

vs.

DERRICK SCHOFIELD, *et al.*,

    Defendants.

CASE NO.: 1:08-CV-7 (WLS)

## ORDER

Before the Court is a recommendation (Doc. 57) from United States Magistrate Judge Richard L. Hodge filed August 4, 2009. The Magistrate Judge made two recommendations: (1) that to the extent Plaintiff seeks through his motion (Doc. 28) to add parties to this action, that the same should be denied; and (2) that Plaintiff's request for TRO be denied. Plaintiff has filed his written objections (Doc. 59). Thus, this action proceeds on the merits.

It is noted that Plaintiff is not objecting in substance to the recommendation. "1. The Plaintiff is filing this objection not necessarily to object to the Magistrate Judges (sic) recommendation to deny the Plaintiffs (sic) motion for temporary restraining order, beings said motion has become moot by the plaintiff being transferred from where, and against Johnson S.P., but, to bring to the Honorable District Judge W. Louis Sands, who will rule on this motion, attention, that the Plaintiff feels that he, his plight, his motions, and his action is being hindered by the Magistrate Judge and the Clerk of Court office procedural handling of the Plaintiff's action." (Doc. 59, p.1). Thus, Plaintiff concedes that the basis for a TRO no longer

exists and that those to whom it was to be directed are not parties to Plaintiff's action.

The Local Rules of this Court require a party to serve counsel for opposing parties with a copy of all pleadings and to certify the same. Therefore, notice by the Clerk for a party's failure to do so is in no way mishandling of a party's motion, including Plaintiff's. Likewise, time delay alone is not a showing that the Magistrate Judge failed to properly address Plaintiff's motion. Plaintiff does not allege any additional injury as a result of the alleged delay, except to argue that the same allowed Plaintiff to be transferred thereby mooting the motion. Neither that result nor Plaintiff's suppositions require the conclusion that Plaintiff was transferred solely for the purpose of mooting Plaintiff's motion for injunctive relief. Further, Plaintiff also acknowledges that he was in protective care. As previously stated, Plaintiff's action continues to proceed upon referral before the Magistrate Judge and will be ultimately ruled upon by this Court upon full review and consideration upon the entire record. Accordingly, Plaintiff's objections are OVERRULED.

Upon full review and consideration upon the record the Recommendation is ACCEPTED, ADOPTED and made the Order of the Court for reasons of the findings made and reasons stated therein together with the findings made and reasons stated herein. Accordingly, Plaintiff's motion to add parties by way of his motion for TRO and his motion for TRO are DENIED.

SO ORDERED, this 21st day of **September, 2009.**

_____
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**