IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| THOMAS CONWAY JONES, | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 1:08-CV-7 (WLS) |
| DERRICK SCHOFIELD, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Claude W. Hicks, Jr. filed February 5, 2010. (Doc. 73). It is recommended that Defendant Leslie Linney's Motion to Dismiss (Doc. 52) be **GRANTED**. It is recommended that Defendants Keith Jones and Elaine Hutto's Motion for Summary Judgment (Doc. 58) be **GRANTED**. It is recommended that Plaintiff's Motion to Dismiss Without Prejudice (Doc. 69) be **DENIED**. Plaintiff timely filed an objection to the Report and Recommendation on February 24, 2010. (Doc. 75). Defendants filed a response to Plaintiff's objection on March 2, 2010. (Doc. 76). For the following reasons, Plaintiff's Objections (Doc. 75) are **OVERRULED** and United States Magistrate Judge Hicks's Report and Recommendation (Doc. 73) is **ACCEPTED, ADOPTED** and made the Order of this Court.

## DISCUSSION

The facts are set forth in detail in the Report and Recommendation; and, accordingly, the Court will not restate them here. In the recommendation, Judge Hicks found that Plaintiff failed to exhaust his administrative remedies; and, therefore, Defendant Linney's Motion to Dismiss should be granted and Defendants Keith Jones and Elaine Hutto's Motion for Summary

1

Judgment should also be granted. Judge Hicks found that Plaintiff filed an initial grievance as required, but, following denial of his grievance, Plaintiff voluntarily dropped his grievance prior to a ruling on appeal. Judge Hicks found that Plaintiff's Motion to Dismiss Without Prejudice should be denied in view of his finding for Defendants.

Judge Hicks found that summary judgment should be granted for Defendants since, on the basis of affidavits and of Plaintiff's medical records, Plaintiff could not establish his claims of deliberate indifference to a serious medical need, made pursuant to 42 U.S.C. § 1983, for denial of mental health and medical treatment. Judge Hicks found that Plaintiff did not rebut Defendants' assertions that Plaintiff was examined four times and specifically tested for HIV and treated for hepatitis C. Judge Hicks also found that Plaintiff did not rebut Defendant's assertion that testing and treatment showed that Plaintiff had a hepatitis C infection prior to his rape, and medical tests showed Plaintiff had no hepatitis C infection as a result of his rape and received treatment according to the medical protocol for a past hepatitis C infection. Additionally, Judge Hicks found that Plaintiff did not rebut Defendants' assertions that Plaintiff was seen by a mental health counselor on three occasions and on each of the three occasions refused to be evaluated by a mental health professional.

In his objection, Plaintiff criticizes the Magistrate Judge's findings but points to no facts in the record that contradict or undermine those findings. Plaintiff states that the facts that he has alleged have been "ignored or shadowed by the Magistrate's procedural handling of [his complaint]." (Doc. 75 at 1). Plaintiff does not elaborate upon this statement. Plaintiff contends that he sought help through the judicial system, that the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601, *et seq.*, was violated, and that the Court has defended violation of the Act.

Lastly, Plaintiff contends that he should be allowed to dismiss his action without prejudice on the grounds that he was denied counsel and might later be in a better position to advance his claims.

In response to Plaintiff's objection, Defendants Jones and Hutto assert that Judge Hicks properly adopted their statement of facts in support of their motion for summary judgment since Plaintiff did not submit any facts in opposition, but, instead submitted a motion for voluntary dismissal in response. Defendants contend that Plaintiff's PREA claim was previously properly dismissed and that dismissal without prejudice should not be granted.

In his objection, Plaintiff does not advance new arguments unavailable to Judge Hicks. Judge Hicks considered the parties' affidavits and exhibits, including Plaintiff's medical records and grievance forms. Plaintiff makes no argument that he properly exhausted his administrative remedies. Thus, Judge Hicks appropriately found that Plaintiff's claims against Defendants Linney should be dismissed and summary judgment should be entered for Defendants Jones and Hutto. Plaintiff's Objection (Doc. 75) neither illuminates an error in any factual findings made by Judge Hicks nor contests the factual statements that Plaintiff was provided medical care on four occasions to attend to physiological concerns and on three occasions to attend to mental health. Plaintiff does not counter Judge Hicks's finding that Plaintiff declined to consent to evaluation by a mental health professional on three occasions. Accordingly, Judge Hicks appropriately found that Plaintiff cannot establish a 42 U.S.C. § 1983 deliberate indifference claim for denial of medical care and mental health treatment since the rape. While mere negligence is insufficient to establish a claim, the facts do not even appear to sufficiently establish negligence. Thus, there is no genuine issue of material fact sufficient to preclude summary judgment; and, indeed, the findings stand in sharp contrast to Plaintiff's claim raised in

his Complaint that there was "no care and treatment, no nothing" following his rape.  (*See* Doc. 2 at 8).

Judge Hicks previously denied Plaintiff's request to appoint counsel.  (*See* Doc. 72).  To the extent that Plaintiff's objection is a request for reconsideration of that request; the request is **DENIED** (and is also untimely).  *See* L.R. 7.6.  The basis of Plaintiff's motion for dismissal without prejudice is his alleged "ignorance", lack of legal representation, and inability to present the merits of his action while imprisoned.  Defendant argues that all of Plaintiff's prior requests for appointment of counsel have been properly denied in accordance with the relevant standard and that Plaintiff only now seeks dismissal after Defendants filed the pending dispositive motions.  Upon review, the Court agrees with Defendants; Plaintiff has demonstrated the ability to bring, present and prosecute his claims and be fully engaged in discovery.  The Court is satisfied, as noted above, if Plaintiff so desired, he could have presented any available facts and arguments in response to Defendants' motion for summary judgment.  Notwithstanding specific notice of his right to respond and the possible consequences of his failure to do so, Plaintiff failed to adequately respond to Defendants' motions.  (*See* Doc. 53; Doc. 61).  Accordingly, Judge Hicks properly found that Plaintiff's motion to dismiss without prejudice should be denied.

Additionally, Plaintiff's objection characterized a prior statement made by the Court that it does not condone the deplorable commission of prison rape as tantamount to doublespeak since the Court dismissed his PREA claims.  The Court stands by and reiterates its finding and conclusion.  Federal courts are not empowered to make law but are only allowed to adjudicate cases or controversies.  The Court cannot find that legislation confers a right where it does not.

Again, PREA does not confer a private right of action to individuals.[1] Lastly, the Court agrees with Judge Hicks's finding that Plaintiff's request for voluntary dismissal – dismissal without prejudice – should be denied, in view of the relief afforded to Defendants on the merits.

## CONCLUSION

Upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 42) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court, as modified, for reason of the findings made and reasons stated therein, together with the findings made, reasons and stated conclusions reached herein. Accordingly, Defendant Leslie Linney's Motion to Dismiss (Doc. 52) is **GRANTED**. Defendants Keith Jones and Elaine Hutto's Motion for Summary Judgment (Doc. 58) is **GRANTED**. Plaintiff's Motion to Dismiss Without Prejudice (Doc. 69) is **DENIED**.

**SO ORDERED**, this 4th day of March, 2010.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**

---

[1] To the extent that Plaintiff's objection seeks reconsideration of the Court's ruling as to his PREA claims, said request is DENIED and is untimely. *See* L.R. 7.6. That PREA does not confer a private right of action to Plaintiff is perhaps disheartening to Plaintiff; however, the Court recognizes that individuals such as Plaintiff who report prison rape are likely to lessen future instances of such despicable acts being committed in such great numbers. Indeed, such individuals were instrumental in the creation and passage of PREA itself. *See generally* Prison Rape Elimination Act of 2003, Pub. L. No. 108-79, 117 Stat. 972 (codified at 42 U.S.C. § 15601, *et seq.*(2003)) (providing for the analysis of the incidence and effects of prison rape in correctional facilities and including provision for information and funding to protect individuals from prison rape). Thus, the very act of speaking out [and notifying authorities], though Plaintiff is not afforded legal relief here, **is** important.